## COMMONWEALTH *vs.* ASAPH W. GOODRICH.

Under Gen. Sts. *c.* 28, § 6, the board of health of a city may make a regulation prohibiting
all persons, except the superintendent of the cemetery or a duly appointed undertaker or
other person specially authorized, from removing the dead body of any person from any
house or place within the city to the place of burial, and may require from each under-
taker a bond with a reasonable penalty and with condition to collect and account for the
burial fees; and the fact that such a regulation was made with special reference to a par-
ticular person will not affect its validity; and if such person, having been so appointed as
undertaker, fails to give the required bond, the board of health may revoke his appoint-
ment at pleasure, without previous notice to him.

COMPLAINT alleging that on the 29th of March 1866 the de-
fendant moved from a certain house in the city of Lawrence to
the Bellevue Cemetery in that city, the dead bodies of two per-
sons, he not being superintendent of the cemetery, or employed
by such superintendent, or duly appointed and legally qualified
as an undertaker in Lawrence, or otherwise specially authorized
to move the bodies of dead persons.

At the trial in the superior court, before *Brigham,* J., the fol-
lowing facts appeared :

The mayor and aldermen of Lawrence, who constituted the
board of health of that city, passed certain regulations concern-
ing Bellevue Cemetery and the interment of the dead, providing
amongst other things for the annual election, by the board of
health, of a superintendent of the cemetery, and specifying his
duties, and establishing fees for certain services ; and article 12
was as follows : " No person except the superintendent of the
cemetery or those employed by him " " shall be allowed to dig
any grave, bury any dead body, or open any tomb at the said
cemetery ; and no other person, unless appointed an under-
taker or otherwise specially authorized by the board of health,
shall dig any grave, bury any dead body, or open any tomb

in any cemetery, graveyard or other place in the city other than the cemetery, or move from any house or place within the city to any place of burial whatsoever the body of any deceased person." It was also made a part of the duty of undertakers to attend funerals when required, and to collect and pay over the fees for services of the superintendent. The superintendent was required to give bond for the faithful performance of his duties, with penalty in the sum of five hundred dollars, and undertakers to give like bonds in the sum of two hundred dollars. And a penalty of not less than two or more than twenty dollars was fixed for any violation of these regulations, to be recovered for the use of the city by a complaint.

The doing of the acts charged in the complaint was proved.

On the 1st of January 1866 the defendant was appointed by the board of health as an undertaker, and it had been the usage for persons thus appointed to act for one year, and on the 2d of January 1866 the defendant was notified by the city clerk of his election as undertaker " for the current municipal year;" but he gave no bond, and on the 27th of February 1866 the board of health revoked his appointment and gave him notice of the revocation.

The defendant offered to prove that the provision under which this complaint was made was not inserted in the regulations " with reference to the public generally, but especially to prevent the defendant from performing the acts here complained of," unless he would give the required bond ; but the evidence was excluded. The defendant then offered to prove that the board of health unreasonably refused specially to authorize him to perform these acts, and that they thus refused without reference to his qualifications, except his failure to give the required bond ; but this evidence was excluded.

The defendant presented very many requests for instructions, the substance of which was that he was duly appointed for one year ; that his neglect to give a bond did not vacate the appointment, or disqualify him from serving in it ; that he was not removable by the board of health, and especially not except for cause and on previous notice to him ; that the requirement in

the condition of the prescribed bond that he should collect the fees for the superintendent was not reasonable; and that the provisions under which this complaint was made were unreasonable and void.

The judge declined to give any of these instructions, and instructed the jury that this complaint was supported by the facts proved, and directed them to return a verdict of guilty, which they accordingly did. The defendant alleged exceptions.

*W. L. Thompson,* for the defendant, cited *Austin* v. *Murray,* 16 Pick. 121; *Commonwealth* v. *Breed,* 4 Pick. 460; *Commonwealth* v. *Fowler,* 10 Mass. 301; *Fowler* v. *Bebee,* 9 Mass. 234; *Johnston* v. *Wilson,* 2 N. H. 202; *Jones* v. *Gibson,* 1 N. H. 266; *Sprowl* v. *Lawrence,* 33 Alab. 674.

*Reed,* A. G., for the Commonwealth.

HOAR, J. 1. The first and most important question raised by the bill of exceptions is, whether the board of health of the city of Lawrence had the legal right to make the regulation which the defendant is charged with violating. Their authority is found in Gen. Sts. *c.* 28, the 6th section of which empowers boards of health to "make all regulations which they judge necessary concerning burial grounds and interments within their respective limits," and to "establish penalties not exceeding one hundred dollars for any breach of such regulations." We are of opinion that this section is not confined in its operation, as the defendant insists, to acts done within the burial grounds; but that the word "interments" properly includes and describes the removal of the bodies of deceased persons for the purpose of burial. That this necessary duty shall be performed, especially when undertaken for hire, by suitable and trustworthy persons, and that the moving of dead bodies through the public streets of a city shall be conducted with decency and safety, are obviously matters proper for municipal regulation, and which, as well as the mode of burial, may concern the public health to no slight extent. *Austin* v. *Murray,* 16 Pick. 121. *Commonwealth* v. *Foley,* 5 Cush. 108.

2. Nor does there seem to us to be anything unreasonable in the regulation which prohibits any person, unless appointed as

an undertaker, or otherwise authorized by the board of health, from moving from any house or other place in the city to any place of burial, the body of any deceased person. There is no suggestion or reason to suppose that the board of health did not appoint a sufficient number of proper persons to officiate as undertakers; and the giving of bonds, in the moderate amount required, to collect and account for the burial fees, was not objectionable as a condition of such an appointment.

3. The fact that the board of health, in making one of their regulations, had special reference to the defendant, if the regulation was in itself reasonable and lawful, and made applicable alike to all persons whom it would affect, is not material ; and evidence of it was rightly excluded. A very large part of the laws are suggested by some particular instance of public inconvenience or individual misdoing, known to the law-makers, and giving occasion for their action. But the motives of legislators cannot be inquired into judicially, unless to aid in the interpretation of the law.

4. It is not necessary to determine whether the appointment of an undertaker by the board of health, when made for a year, would be revocable at their pleasure, without cause or notice, it not being made so in terms by the ordinance ; because we are of opinion that the refusal or neglect of the defendant, when appointed, to give the bond required by the regulations, fully authorized the revocation of his appointment. It amounted in substance to a refusal to· accept the office upon the terms annexed to it. Declaring the appointment vacated for this cause did not therefore require any previous notice to him.

*Exceptions overruled.*